# IN THE UNITED STATES DISTRICT COURT FOR THE
# WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| VIRGINIA L. McCASLAND, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. CIV-09-413-F |
| ) | |
| MICHAEL J. ASTRUE, ) | |
| COMMISSIONER OF THE SOCIAL ) | |
| SECURITY ADMINISTRATION, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Before the Court are the Report and Recommendation of United States Magistrate Judge Valerie K. Couch entered May 14, 2010 (doc. no. 29) and Plaintiff's Objections to the Report and Recommendation (doc. no. 30). Pursuant to 28 U.S.C. § 636(b)(1)(B), the court reviews the Report and Recommendation *de novo* in light of plaintiff's objections.

In her first objection to the Report and Recommendation, plaintiff asserts that "[t]he Magistrate found that the VE properly evaluated Ms. McCasland's past relevant work as an Assembly Supervisor." Objection at p. 6. Plaintiff states that according to information she supplied the agency, she performed the job as a medium job, even though the VE and the DOT described the job as light. Plaintiff maintains that the ALJ relied on flawed VE testimony, cannot meet his burden by relying on inaccurate VE testimony and did not comply with SSR 00-4p or meet the substantial evidence requirement. Curiously, she asserts that the ALJ has the affirmative duty to reconcile any conflict between the VE testimony and the DOT, yet has admitted that both described the job of assembly line supervisor as light.

The VE testified that the job of assembly supervisor both as described in the DOT and as plaintiff actually performed it was light work. Plaintiff references pages 63, 64 and 72 of the Administrative Record as showing that the work of assembly line supervisor as she actually performed it was medium because she "lifted up to 50 pounds." However, plaintiff's Work History Report and Disability Report both state that the heaviest weight she lifted was "20 lbs" and that the weight she lifted frequently was "less than 10 lbs." A.R. at 64 & 72. But plaintiff did include the following statement on those reports as well:

> Sometimes I would have to lift boxes, but nothing over 50 pounds. I didn't have to carry these things any farther than three or four feet. I rarly [sic] had to do this, only if we were training.

*Id.*

Lifting up to 20 pounds occasionally and up to 10 pounds frequently is consistent with the strength required to perform the job of Assembly Supervisor as described at DOT 739.137-010 and characterized as light work. The fact that the plaintiff may have rarely lifted and carried three to four feet boxes weighing less than 50 pounds does not render the VE's testimony that the job as plaintiff performed it was light work inconsistent with the administrative record. The ALJ's conclusion that plaintiff could perform her past relevant work as assembly supervisor is not erroneous and is supported by substantial evidence.

In her second objection, plaintiff objects to the magistrate judge's conclusion that "[t]he evidence cited by the ALJ in support of her credibility findings is substantial. . . ." Report and Recommendation at p. 8. Plaintiff states that there is overwhelming objective medical evidence [of impairments] that could produce the pain and limitations alleged." Objections at p. 8. However, neither the ALJ nor the magistrate judge concluded that the objective medical evidence did not show the

2

existence of pain-producing impairments or that such impairments could not reasonably be expected to produce the pain and other symptoms alleged, *i.e.,* a loose nexus between the proven impairments and the plaintiff's subjective allegations of pain and other symptoms, the first two inquiries in evaluating subjective complaints of pain. *See* Wendelin v. Astrue, 2010 WL 582639 at * 4 (10th Cir., Feb. 19, 2010) (No. 09-1211); Sandoval v. Barnhart, 209 Fed. Appx. 820, 822-23 (10th Cir. Dec. 20, 2006) (No. 06-2066); Luna v. Bowen, 834 F.2d 161, 163-64 (10th Cir. 1987). However, the ALJ then determined whether, considering all of the objective and subjective evidence, the plaintiff's pain was in fact disabling. *See id.* As the magistrate judge correctly concluded, the ALJ properly considered a number of the factors relevant in evaluating the credibility of plaintiff's complaints of disabling pain, including the levels of medication and their effectiveness, the extensiveness of the plaintiff's attempts to obtain relief, the frequency of her medical contacts, and the nature of her daily activities. *See e.g.,* Branum v. Barnhart, 385 F.3d 1268, 1273-74 (10th Cir. 2004). For example, the ALJ noted that although the plaintiff had been prescribed Lortab for pain, she hadn't taken it for the three months prior to the hearing, A.R. at 16; plaintiff had received no counseling for her depression and had not taken medication for it since 2004, *id.*; plaintiff could dress herself and operate zippers and buttons and only wore wrist braces sometimes to drive, *id.;* plaintiff was released to return to work after her second back surgery in April of 2004 and did in fact return to work, *Id.* at p. 17; and plaintiff told the consultative examining physician on June 8, 2005, that she is pain-free when she sits with back support and is able to perform her activities of daily living, *id.* Additionally, the ALJ considered objective evidence at the consultative examination on June 8, 2005 that plaintiff appeared to move on and off the examining table without difficulty and had a full range of motion in all joints; straight leg raising was negative; plaintiff's grip strength and lower

extremity strength were normal bilaterally; she had normal hand skills and no sensory deficits were noted; and plaintiff walked with a stable, steady and safe gait at an appropriate speed without the use of any assistive device. *Id.* The court agrees with the magistrate judge that the ALJ properly evaluated the credibility of plaintiff's complaints and testimony as to disabling pain and other symptoms, and that the ALJ linked her finding that plaintiff's statements about the intensity, persistence and limiting effects of her pain and other symptoms were not credible to substantial evidence the ALJ cited, some of which is described above. *See* A.R. at 17 & 17-17; Report and Recommendation at pp. 7-8.

In accordance with the foregoing, the Report and Recommendation of the magistrate judge is **ADOPTED** in its entirety and the decision of the Commissioner of the Social Security Administration is **AFFIRMED**.

IT IS SO ORDERED this 24th day of June, 2010.

_____
STEPHEN P. FRIOT
UNITED STATES DISTRICT JUDGE

09-0413p002.wpd